MAPEL-STERLING COAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32375.   Promulgated March 19, 1931.

*William A. Wood, C. P. A.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioner did not show how its books were kept, but from the statement attached to the deficiency notice, it appears that the Commissioner has allowed items accrued rather than items

paid, and we will assume that the petitioner was on an accrual basis.

Title XI of the Revenue Act of 1921 imposed certain stamp taxes including stamps on deeds transferring lands. Such a tax is deductible under section 234 (a) (3) of the Revenue Act of 1921. The Commissioner erred in disallowing the deduction of the $300 relating to documentary stamps attached to the deeds conveying certain real property to the petitioner.

A witness for the petitioner was asked when the mine was developed to its normal capacity, but the witness never gave an intelligible answer to the question. Furthermore, it does not appear that the witness knew the rated capacity of the mine or when it was capable of producing its rated production. The principal support for its contention that the amounts paid for 16-pound steel rails, mine ties, props and crossbars should be deducted as an expense in 1922, was the testimony of a mine foreman that, in his opinion, the average life in the Mapel-Sterling mine of these articles, exclusive of mine ties 4 by 6 by 5½, was not in excess of one year. He stated that in his opinion mine ties 4 by 6 by 5½ were probably used in the tracks in the main entry and had a life considerably in excess of one year. He first came to the petitioner in July, 1927, and knew nothing of conditions in 1922. It does not appear that he ever made any investigation for the purpose of determining the probable useful life of this equipment or that his opinion was any more than his general impression. There is no testimony that these articles were used during the years 1922 or that their cost became an accrued liability in 1922. The evidence offered in connection with this contention is not such as would justify us in disturbing the Commissioner's capitalization of these items or in discussing the question of proper accounting. Counsel for the respondent admitted, however, that some allowance for depreciation would be made on these items in recomputation under Rule 50.

*Judgment will be entered under Rule 50.*